LANDRY, Judge
(dissenting).
In my judgment, the majority herein have awarded compensation for total permanent disability, notwithstanding the failure of plaintiff to prove her cause by that preponderance of evidence which the law requires.
The only experts called by plaintiff, namely Doctors Means and Jackson, both conducted thorough physical examinations of plaintiff, and neither found the slightest objective symptom to substantiate plaintiff’s complaints of pain. The testimony of both experts establishes beyond doubt, as is evidently admitted by the majority, that the diagnoses of disability are predicated entirely upon plaintiff’s subjective complaints of pain, and said experts’ acceptance thereof at face value because plaintiff’s manner convinced them as to plaintiff’s sincerity and credibility.
Without intending to cast any aspersion whatsoever upon plaintiff’s credibility, such proof, in my judgment, is insufficient. It is well settled that medical opinions based solely upon belief in the injured employee’s subjective complaints and declarations of disability are entitled to little weight and must be received with extreme caution. Smith v. Wiley Wood Construction Company, 247 So.2d 904 (La.App. 4th Cir.); Hicks v. J. B. Beaird Company, *701 Inc., 142 So.2d 589 (La.App. 2nd Cir.), and cases cited therein.
Under the circumstances, it appears that little weight can be accorded the expert testimony of record.
Added to this lack of proof is the presumption that the testimony of Dr, Kenneth Cranor, who initially treated plaintiff following her injury, would be unfavorable to plaintiff’s cause. The majority clearly recognizes the application of the unfavorable presumption, but nevertheless allows recovery.
To me, it is most significant that the initial treating physician was not called to testify notwithstanding his presence in court. The court was deprived of the benefit of Dr. Cranor’s testimony which would have revealed his initial diagnosis, the nature and extent of treatment, the date of discharge or whether he referred plaintiff to some other authority, and his evaluation of plaintiff’s condition on the date he last saw plaintiff. This vital information, which would have been of inestimable value to the court, was intentionally withheld by plaintiff. It leaves an eight months gap in plaintiff’s medical history commencing with her injury. The presumption resulting therefrom, coupled with the slight weight attributable to the other medical testimony, under the circumstances, in my opinion, is fatal to plaintiff’s cause.
I respectfully dissent.